UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHEA REBECCA BROWN,

    Plaintiff,

vs.                                                                 Case No: 3:13-cv-915-J-34MCR

ROBERT L. JARVIS, JR. , Individually,
JEFF SEIGMEISTER, In his official
capacity as State Attorney for the Third
Judicial Circuit of Florida, RUDOLPH
DAVIS, Individually, CARLTON TUNSIL,
Individually, and CITY OF LAKE CITY,
Florida,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant, Robert L. Jarvis's Motion to Stay (Doc. 24) filed September 6, 2013. On September 13, 2013, Plaintiff filed a response in opposition to this Motion. (Doc. 30). Accordingly, the matter is now ripe for judicial review.

### I. BACKGROUND

On July 30, 2013, Plaintiff filed the Complaint in this case. The Complaint consists of five counts, each against a different defendant. For example, Count I alleges malicious prosecution against Defendant Jarvis, who was the State Attorney for the Third Judicial Circuit of the State of Florida. Count II alleges municipal liability against Defendant Seigmeister in his official capacity as the new State Attorney for the Third Judicial Circuit of Florida. Counts III, IV, and V allege racial and sexual

discrimination against Defendants, Davis, Tunsil, and Lake City regarding Plaintiff's employment with the Lake City Police Department.

On August 21, 2013, Defendant Jarvis filed a Motion to Dismiss Count I of the Complaint on the basis of immunity. (Doc. 12). On September 3, 2013, Defendants Tunsil and Lake City filed their Answer to the Complaint. (Doc. 19). That same day, Defendant Davis filed a Motion to Dismiss Count III, the count against him. (Doc. 21). On September 6, 2013, Plaintiff voluntarily dismissed Count II and Defendant Seigmeister. (Doc. 25).

Defendant Jarvis filed the instant Motion (Doc. 24) to stay all proceedings until the Court ruled on his Motion to Dismiss. Jarvis argues that because he is seeking to dismiss the count against him on the basis of immunity, he is entitled to a stay of all further proceedings and discovery with respect to all Defendants. (Doc. 24, p.3). Plaintiff responds that a stay on discovery with respect to all Defendants is improper as Jarvis's Motion to Dismiss is not dispositive of the entire case. (Doc. 30).

## II.  ANALYSIS

Rule 26(b)(1) of the Federal Rules of Civil Procedure recognizes that trial courts have the authority to limit the scope of discovery by court order. Federal courts also have the broad discretion to stay proceedings as part of their inherent authority to control their docket. Clinton v. Jones, 520 U.S. 681, 706, 117 S.Ct. 1636, 1650 (1997). The Eleventh Circuit has held that facial challenges to the legal sufficiency of a complaint in a dispositive motion to dismiss should be resolved before discovery begins. Cotton v. Massachusetts Mutual Life Ins. Co., 402 F.3d 1267, 1292 (11th Cir. 2005); see also Moore v. Potter, 141 F.App'x. 803, (11th Cir. 2005) (upholding the staying of

discovery until ruling on the defendant's motion to dismiss).  Moreover, staying discovery is warranted when a government official raises an immunity defense.  Harlow v. Fitzgerald, 457 U.S. 800, 817, 102 S.Ct. 2727 (1982); see also Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815 (1985) (quoting Harlow and stating "such pretrial matters as discovery are to be avoided if possible, as '[i]nquires of this kind can be peculiarly disruptive of effective government'").

In the instant case, Defendant Jarvis asks the Court to stay all proceedings and discovery with respect to all Defendants until the Court rules on his Motion to Dismiss.  Plaintiff responds by arguing that staying discovery with respect to all Defendants is not necessary as Jarvis's Motion to Dismiss is not dispositive of the entire case.  Plaintiff points out that as Defendants Tunsil and Lake City have answered the Complaint, Counts IV and V will necessarily remain after the Court resolves Jarvis's Motion to Dismiss.  Further, Plaintiff explains that Count I against Defendant Jarvis relates to the malicious prosecution of Plaintiff for the charge of tampering with evidence, whereas the remaining counts relate to discrimination and denial of equal protection regarding Plaintiff's employment with the Lake City Police Department.  Accordingly, Plaintiff takes the position that "discovery should be permitted to proceed against the other Defendants in this cause." (Doc. 30, p.5).

As an initial matter, the Court notes that "[a] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citing Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).  In order for a motion to stay to be granted, the moving party must meet his burden of establishing good cause and

reasonableness. Id. "'In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery.'" Id. (quoting Feldman, 176 F.R.D. at 652).

In the present case, the Court is satisfied Defendant Jarvis has met his burden of showing good cause and reasonableness with respect to a stay of discovery regarding the malicious prosecution claim. However, he has failed to show good cause or reasonableness with respect to discovery on Plaintiff's discrimination claims. It is undisputed that those claims will survive Defendant Jarvis's Motion to Dismiss. Further, Defendant Jarvis has made no showing that discovery regarding those claims will involve him in any way much less cause him any harm. As motions to stay "are not favored because when discovery is delayed or prolonged, it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems," the Court believes any potential burden on Defendant Jarvis is outweighed by the harm to Plaintiff in staying discovery for all Defendants S.D. v. St. Johns County School Dist., 3:09-cv-250, 2009 WL 3231654 (M.D. Fla. Oct. 1, 2009) *amended*, 3:09-cv-250, 2009 WL 4349878 (M.D. Fla. Nov. 24, 2009) (citing Kron Medical Corp. v. Groth, 119 F.R.D. 636 ((M.D.N.C.1988)). Indeed, in deciding whether to grant a stay, the Court "'must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings.'" Fleming v. Barber, 383 F.App'x 894, 896 (11th Cir. 2010) (quoting Crawford-El v. Britton, 523 U.S. 574, 118 S.Ct. 1584, 1596

(1998)).  As there has been no showing that Defendant Jarvis may be subjected to unnecessary and burdensome discovery if Plaintiff is permitted to conduct discovery on the discrimination claims, the Court is satisfied it has done so.

Accordingly, after due consideration, it is

**ORDERED:**

Defendant, Robert L. Jarvis's Motion to Stay (Doc. 24) is **GRANTED in part**.  All discovery regarding Count I of Plaintiff's Complaint is hereby stayed until the Court rules on Defendant Jarvis's Motion to Dismiss (Doc. 12).  Discovery regarding Plaintiff's discrimination claims (Counts III – V) shall be permitted.

**DONE** and **ORDERED** in Jacksonville, Florida this 17th day of September, 2013.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record