UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHEA REBECCA BROWN,

      Plaintiff,

v.                                 Case No.: 3:13-cv-915-J-34-MCR

RUDOLPH DAVIS, Individually;
CARLTON TUNSIL, Individually; and
CITY OF LAKE CITY, Florida.

      Defendants.
_____/

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Shea Rebecca Brown, brings this action seeking monetary damages, attorney's fees, and costs against Defendants and alleges the following:

1. This is an action for damages, attorney's fees, and costs for the depravation of Plaintiff's rights secured by the Fourth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §1981, and 42 U.S.C. §1983.

## JURISDICTION AND VENUE

2. Plaintiff invokes the jurisdiction of this Court pursuant to 42 U.S.C. §1981, 1983, and 1988; and 28 U.S.C. §§1331 and 1343.

3. Venue in this district is proper pursuant to 28 U.S.C. §1391, in that the cause of action arose in this district.

## PARTIES

4. Plaintiff, Shea Brown ("Plaintiff"), was at all times material hereto, an adult female Caucasian resident of Columbia County, Florida, and is a citizen of the United States.

5. Defendant, Rudolph Davis, an African-American male, was, at all times material hereto, a sworn member of the Lake City Police Department. At all times relevant to this case, he had the power, right and duty, to hire/appoint police officers and suspend or remove/terminate police officers. Defendant Davis was delegated final decision making authority by Defendant Tunsil and/or Lake City and acted in conformance with the customs, practices, and/or policies of Lake City and acted under color of State law.

6. Defendant, Carlton Tunsil, an African-American male, was, at all times material hereto, the acting chief of the Lake City Police Department and made policy for the Lake City with respect to law enforcement matters. At all times material hereto, Defendant Tunsil had the power, right and duty, to hire/appoint police officers and suspend or remove/terminate police officers; he also had the power, right and duty, to train and control his officers, agents, and employees to conform to the Constitution of the United States and to ensure all orders, rules, instructions, and regulations promulgated for the Lake City Police Department were consistent with the Constitution of the United States. Defendant Tunsil was delegated final policymaking authority with respect to law enforcement functions by Lake City. At all times material hereto, Defendant Tunsil, his agents and employees acted under color of State law.

7. Defendant City of Lake City, Florida ("Lake City"), was, at all times relevant, responsible for the employment, supervision, training, instruction, discipline, control and conduct of officers in the Lake City Police Department, and further makes policy for the Lake City Police

Department with respect to employment matters. At all times relevant, Defendant Lake City, had the power, right and duty to train and control its officers, agents and employees to conform to the Constitution of the United States and to ensure that all orders, rules, instructions and regulations promulgated for the Lake City Police Department were consistent with the United States Constitution. At all times relevant to this Complaint, Defendant Lake City, its agents and employees, acted under color of State law.

## FACTUAL ALLEGATIONS

8. In or about March 2008, Defendant Lake City hired Plaintiff Brown as a police officer with the Lake City Police Department.

9. Defendant Davis disapproved of the hiring of Plaintiff because she was a Caucasian female.

10. Upon information and belief, Defendant Davis told one of his male, African-American friends that he could have the job given to Plaintiff.

11. Defendant Davis also told fellow police officers that he did not like women police officers and felt as though women had no business in the police field.

12. On or about June 26, 2009, then Lake City Police Chief Carrie Laxton resigned.

13. Defendant Tunsil thereafter became acting Lake City Police Chief.

14. Defendant Tunsil was also the Chief of the Lake City Fire Department.

15. Defendant Davis was the highest ranking police officer at the Lake City Police Department during Tunsil's time as acting police chief, holding the rank of a captain, a rank he was promoted to in April 2009.

16. As a result, Defendant Davis effectively ran the department during Tunsil's tenure

3

and Tunsil delegated authority to Davis to hire/appoint police officers and suspend/terminate police officers.

17. On or about April 23, 2009, Plaintiff was on duty as a patrol officer.

18. On or about the same date, Lake City Officer Jason Golub was dispatched to the probation and parole office in Lake City, Florida to transport King David Bradley for a violation of probation.

19. Prior to placing Bradley into his patrol vehicle, Officer Golub searched Bradley and discovered contraband, *to wit*: a misdemeanor amount of marijuana.

20. As Officer Golub's shift was ending, he contacted Plaintiff to take over the transfer of Bradley to the jail.

21. Officer Golub told Plaintiff that the violation of probation case was hers and she could do with it what she wanted.

22. Officer Golub handed the contraband to Plaintiff Brown.

23. The misdemeanor amount of marijuana was not in an evidence bag nor accompanied by any paperwork or documentation.

24. As the misdemeanor amount of marijuana had not been placed into an evidence bag, and was not accompanied by the proper paperwork, Plaintiff believed the misdemeanor amount of marijuana had not been taken as evidence against Bradley and was merely contraband.

25. The Lake City Police Department custom, practice, and/or policy permitted an officer to use their discretion as to whether or not to charge individuals with possession of misdemeanor amounts of marijuana seized as contraband which had not yet been formally taken as evidence.

26. If an officer exercised their discretion not to charge an individual, the custom, practice, and/or policy of the Lake City Police Department mandated that the misdemeanor amount of marijuana be destroyed in the presence of a fellow officer.

27. As Mr. Bradley was already being arrested for violation of probation, Plaintiff exercised her discretion and did not charge Bradley with possession of marijuana.

28. Plaintiff delivered Mr. Bradley to the jail on the charge of violation of probation.

29. Plaintiff then met with fellow officer Ivan Useche at a common place for Lake City police officers to eat meals.

30. Plaintiff, in the presence of Officer Useche, removed the contraband marijuana from her patrol car, placed it on the ground, and destroyed the marijuana by rubbing it into the ground with her boot.

31. At all times relevant, other officers similarly situated to Plaintiff destroyed non-evidence contraband as per Lake City Police Department's custom, practice, and/or policy.

32. On or about May 12, 2009, the assistant state attorney assigned to the violation of probation hearing in Mr. Bradley's case discovered there was no arrest affidavit for the marijuana found on Bradley.

33. Shortly thereafter, Skip Jarvis, then the State Attorney for the Third Judicial Circuit of Florida, was informed of the lack of arrest affidavit for the marijuana.

34. On or about May 13, 2009, Jarvis contacted the Florida Department of Law Enforcement ("FDLE") to investigate a charge of possible improper disposal of evidence, and FDLE Special Agent Robbie Shotwell then conducted an investigation.

35. Upon information and belief, after completing a full investigation, FDLE Agent

5

Shotwell recommended to Jarvis that charges not be filed against Plaintiff for destruction of evidence.

36. Upon information and belief, before filing charges, Jarvis, acting as an investigator, traveled to Plaintiff's former employing agency, a police department in Georgia, to further investigate Plaintiff. While there, Jarvis told the department that Plaintiff had destroyed evidence and was a corrupt officer. He also stated that Plaintiff "smoked" the marijuana. Jarvis also said that Brown engaged in a sexual relationship with another officer.

37. On or about July 6, 2009, Jarvis personally filed an Information against Plaintiff for tampering with evidence in violation of Florida Statute §918.13 and issued a capias for the arrest of Plaintiff. He did not, however, include a complaint affidavit with the capias.

38. On or about July 7, 2009, Plaintiff learned about the capias and was arrested when she voluntarily turned herself to the Columbia County jail pursuant to said capias.

39. Plaintiff was then placed on administrative leave without pay while the criminal charges were pending.

40. On or about July 10, 2009, Defendant Tunsil ordered an internal affairs investigation of Plaintiff for neglect of duty, recovered property/evidentiary material, on/off duty conduct, untruthfulness, and felonies.

41. On or about July 16, 2009, based on a complaint from Defendant Davis, Lake City Police Department undertook an internal affairs investigation of Plaintiff regarding care of equipment and department property.

42. On or about July 22, 2009, based on a complaint from Defendant Davis, Lake City Police Department undertook an internal affairs investigation of Plaintiff regarding

untruthfulness and insubordination.

43. All internal affairs investigations were instigated, investigated, and determined as a pretext for discriminating against and terminating Plaintiff because of her race and gender.

44. Specifically, Defendant Davis' motivation for instigating and investigating the above internal affairs investigation was because of Plaintiff's race and gender.

45. During all times relevant, Defendant Davis made racially insensitive remarks directed at Plaintiff Brown.

46. On or about August 31, 2009, Defendants Tunsil, Davis, and the Lake City Police Department terminated Plaintiff Brown's employment because of her race and gender.

47. In conjunction with terminating Plaintiff, Defendants made false statements labeling Plaintiff as unprofessional, dishonest, poorly performing, and/or a drug using police officer.

48. Defendants' false statements regarding Plaintiff were made public.

49. During all times relevant, Plaintiff received adequate performance evaluations.

50. On or after Defendant Tunsil, Davis, and the Lake City Police Department terminated Plaintiff's employment, Lake City Police Department hired an African American officer as her replacement.

51. On or about September 7, 2010, the Court dismissed the criminal charges against Plaintiff.

## COUNT I
## 42 U.S.C. §1983 - DISCRIMINATION/DENIAL OF EQUAL PROTECTION
### (Defendant Davis)

52. Paragraphs 1 through 51 are adopted and incorporated by reference herein.

53. Plaintiff is a member of a protected class, female and Caucasian.

54. Plaintiff was employed by Defendant Davis from in or about March 2008 until Defendant Davis terminated Plaintiff on or about August 31, 2009.

55. Defendant Davis treated non-female, non-Caucasian similarly-situated employees more favorably than Plaintiff Brown, not terminating the similarly situated non-female, non-caucasian employees.

56. Through Defendant Davis' actions and treatment of Plaintiff, Defendant Davis intended to discriminate against Plaintiff on the basis of Plaintiff's race and sex.

57. Defendant Davis' actions were done with malice and/or reckless indifference towards Plaintiff's Fourteenth Amendment rights.

58. As a direct and proximate result of Defendant Davis' violation of Plaintiff's Fourteenth Amendment entitlement to equal rights under the law, Plaintiff has suffered damages including but not limited to, loss of employment, monetary loss, damage to her reputation, and severe mental anguish and emotional distress.

WHEREFORE, Plaintiff Brown demands judgment from Defendant Davis, individually, for:

    a. actual and compensatory damages;

    b. punitive damages;

    c. an award of attorney's fees an costs; and

    d. any other relief this Court deems just and proper.

## COUNT II
## 42 U.S.C. §1983 - DISCRIMINATION/DENIAL OF EQUAL PROTECTION
### (Defendant Tunsil)

59. Paragraphs 1 through 51 are adopted and incorporated by reference herein.

60. Plaintiff is a member of a protected class, female and Caucasian.

61. Plaintiff was employed by the Lake City Police Department from in or about March 2008 until Plaintiff was terminated on or about August 31, 2009.

62. Defendant Tunsil treated non-female, non-Caucasian similarly-situated employees more favorably than Plaintiff Brown.

63. Through Defendant Tunsil's actions and treatment of Plaintiff, Defendant intended to discriminate against Plaintiff on the basis of Plaintiff's race and sex.

64. Defendant Tunsil's actions were done with malice and/or reckless indifference towards Plaintiff's Fourteenth Amendment rights.

65. As a direct and proximate result of Defendant Tunsil's violation of Plaintiff's Fourteenth Amendment entitlement to equal rights under the law, Plaintiff has suffered damages including but not limited to, loss of employment, monetary loss, damage to her reputation, and severe mental anguish emotional distress.

WHEREFORE, Plaintiff Brown demands judgment from Defendant Tunsil, individually, for:

    a.    actual and compensatory damages;

    b.    punitive damages;

    c.    an award of attorney's fees an costs; and

    d.    any other relief this Court deems just and proper.

**COUNT III**
**42 U.S.C. §1983: MUNICIPAL LIABILITY**
**(Defendant Lake City)**

66. Paragraphs 1 through 51 above, are adopted and incorporated by reference herein.

67. Defendant Lake City, its agents and employees, acting within their authority and under color of state law, instituted and followed practices, customs, and policies which directly resulted in violations of Plaintiff's Fourteenth Amendment rights to equal protection under the law. Defendant Lake City has a systemic and widespread practice of racial and sexual discrimination. Additionally, in failing to discipline its agents and employees for their actions and/or omissions, Lake City has ratified such decisions and reasons for those decisions, thus constituting a practice, custom or policy. Alternatively, Defendants Tunsil and Davis acted as final policymakers for Lake City as their decisions were not immediately or effectively reviewable. Further, Lake City failed to adequately train its agents and/or employees despite a clearly obvious and apparent need for such training. Lake City's actions and omissions resulted in violations of Plaintiff's rights secured under the Fourteenth Amendment to the United States Constitution, which is actionable under 42 U.S.C. §1983.

68. As a direct and proximate result of Defendant Lake City's violation of Plaintiff's

entitlement to equal rights under the law, Plaintiff has suffered damages including, but limited to, loss of employment, monetary loss, damage to her reputation, and severe mental anguish and emotional distress.

WHEREFORE, Plaintiff Brown demands judgment from Defendant Lake City for:

(a) actual and compensatory damages;

(b) An award of attorney's fees and costs;

(c) Any other relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

_____
Wm. J. Sheppard, Esquire
Florida Bar No.: 109154
Elizabeth L. White, Esquire
Florida Bar No.: 314560
Matthew R. Kachergus, Esquire
Florida Bar No.: 503282
Bryan E. DeMaggio, Esquire
Florida Bar No.: 55712
Sheppard, White, & Kachergus, P.A.
215 Washington Street
Jacksonville, Florida 32202
(904) 356-9661 telephone
(904) 356-9667 facsimile
COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 14th, 2014, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF System which will send a notice of electronic filing to the following:

William Peter Martin, Esquire
Dennis, Jackson, Martin & Fontela, P.A.
1591 Summit Lake Dr., Ste. 200
Tallahassee, Florida 32317-7951
Email: peter@djmf-law.com
COUNSEL FOR DEFENDANT DAVIS

Meagan Lindsay Logan, Esquire
Marks Gray, P.A.
1200 Riverplace Blvd. - Ste. 800
Jacksonville, Florida 32201
Email: mlogan@marksgray.com

Susan S. Erdelyi, Esquire
Marks Gray, PA
1200 Riverplace Blvd - Ste 800
Jacksonville, Florida 32201
Email: sse@marksgray.com
COUNSEL FOR DEFENDANT TUNSIL AND CITY OF LAKE CITY

I HEREBY CERTIFY that on May 14th, 2014, a true and correct copy of the foregoing document and the notice of electronic filing was sent by United States Mail to the following non-CM/ECF participants:

N/A

_____
ATTORNEY

mlh[brown, s - complaint amend]