**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SHEA REBECCA BROWN,

        Plaintiff,

vs.                                  Case No. 3:13-cv-915-J-34MCR

RUDOLPH DAVIS, individually, et al.,

        Defendants.

_____/

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Reconsideration of Order Granting Summary Judgment (Doc. 93; Motion), filed on December 17, 2015. In the Motion, Plaintiff Shea Rebecca Brown (Brown) seeks reconsideration of this Court's Order (Doc. 85; Summary Judgment Order) granting summary judgment in favor of Defendants Rudolph Davis (Davis), Carlton Tunsil (Tunsil), and the City of Lake City, Florida (Lake City). See Motion at 1. Specifically, Brown asserts that the Court committed "a manifest error of law and fact, thus warranting reconsideration of the Court's granting of summary judgment for the Defendants." Id. at 5. Defendants Lake City and Tunsil filed a response on December 31, 2015, and Defendant Davis filed a response on January 14, 2016. See Defendants' [sic] City of Lake City and Carlton Tunsil's Response to Plaintiff's Motion for Reconsideration of Order Granting Summary Judgment (Doc. 97); Defendant Davis's Response in Opposition to Plaintiff's Motion for Reconsideration of the Court's Order Granting Summary Judgment (Doc. 101). Accordingly, this matter is ripe for review.

A motion to alter or amend a judgment may be filed pursuant to Rule 59(e),[1] which affords the Court substantial discretion to reconsider an order which it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting a Rule 59 motion are newly[ ]discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999)). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Lamar Adver. of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999). For example, reconsideration may be appropriate where "the Court has patently misunderstood a party." O'Neill v. The Home Depot U.S.A., Inc., 243 F.R.D. 469, 483 (S.D. Fla. 2006).

The purpose of Rule 59 is not to ask the Court to re-examine an unfavorable ruling in the absence of manifest error of law or fact. Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005). Additionally, motions to alter or amend "should not be used to raise arguments which could, and should, have been made before the judgment was issued." O'Neal, 958 F.2d at 1047.

---

[1] The Federal Rules of Civil Procedure do not specifically provide for the filing of a motion for reconsideration. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Controlled Semiconductor, Inc. v. Control Systemation, Inc., No. 6:07-cv-1742-Orl-31KRS, 2008 WL 4459085, at *1 (M.D. Fla. Oct. 1, 2008). It is widely recognized, however, that Rule 59(e) (which governs motions "to alter or amend a judgment") encompasses motions for reconsideration. Controlled Semiconductor, 2008 WL 4459085, at *1 (citing 11 Charles Alan Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice & Procedure 2d § 2810.1 (2007)).

2

Indeed, permitting a party to raise new arguments on a motion for reconsideration "essentially affords a litigant two bites at the apple." Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (quotation omitted); see also Mincey, 206 F.3d at 1137 n.69; Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) ("[A] motion to reconsider should not be used by the parties to set forth new theories of law."). As such, the Eleventh Circuit has held that the "[d]enial of a motion for reconsideration is especially sound when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation." Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1292 (11th Cir. 2001) (quotation omitted). Moreover, "[w]hen evaluating a motion to reconsider, a court should proceed cautiously, realizing that 'in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" United States v. Bailey, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (quoting Lamar, 189 F.R.D. at 489).

Of the limited grounds for relief under Rule 59(e), Brown argues that reconsideration is necessary here to correct clear error and prevent manifest injustice. See Motion at 4, 5. Specifically, Brown contends that the Court erred in finding that she failed to establish a genuine issue of material fact as to whether one of the reasons given by the Lake City Police Department (LCPD) for terminating her employment, that her arrest brought discredit both to Brown and to LCPD, was merely a pretext for discrimination. See Motion at 3, 4–5.

In its Notice of Disciplinary Action dated August 31, 2009 (Doc. 69-6; Termination Letter), LCPD gave five reasons for terminating Brown's employment:

(1) You had several [internal affairs] complaints (4) filed against you in a short time span[;]

> (2) You had several serious [internal affairs] policy violations which were sustained[;]
> (3) Your arrest and actions brought discredit to you, and this agency[;]
> (4) You had two domestic disturbances at your residence within 4 months [; and]
> (5) Your behavior creates a liability for the City of Lake City.

Termination Letter. In its Summary Judgment Order, the Court found that Brown introduced sufficient evidence to create an issue of fact as to whether the first two of these reasons – the internal affairs complaints and violations – were pretext for discrimination. See Summary Judgment Order at 27–28. Moreover, the Court found an issue of fact as to whether the domestic disturbances were proffered as a pretext for discrimination because Brown introduced evidence that she was the victim in both incidents of domestic violence and because Defendant Tunsil admitted "[i]t would be questionable" whether LCPD could terminate an officer's employment for being a victim of domestic violence. See id.; Deposition of Carlton Tunsil, dated June 24, 2014, at 49 (Doc. 68-12; Tunsil Dep.).[2] Nevertheless, the Court concluded that "Brown fail[ed] to rebut [LCPD's] proffered reason that her 'arrest and actions brought discredit to [Brown], and this agency.'" Summary Judgment Order at 28 (quoting Termination Letter).

Brown argues that the Court erred in finding that she failed to establish that the arrest was a pretext for discrimination because the Court found an issue of fact as to whether the internal affairs actions were pretextual, and "the set of facts" from which both the arrest and the internal affairs actions arose were the same. See Motion at 2 ¶ 4. However, as the Court explained in its Summary Judgment Order, "Brown does not dispute

---

[2] The Court also found that there was an issue of fact as to the fifth reason for Brown's termination stated in the Termination Letter, that Brown's behavior created a liability for Lake City, because the Court found that Brown's arguments regarding the internal affairs actions and domestic violence incidents were equally applicable to this reason for termination. See Summary Judgment Order at 28 n.21.

4

that neither Davis, nor Tunsil, nor any officer with LCPD had anything to do with the State Attorney's Office's decision to criminally investigate, charge, and arrest [Brown]." Summary Judgment Order at 29.  Although Brown introduced evidence sufficient to create a genuine issue of material fact as to whether Davis improperly influenced the internal affairs actions against her because of racial and/or gender-based animus, Brown introduced no evidence suggesting that the State Attorney's Office was so influenced. Indeed, in arguing that her arrest and the internal affairs actions "arose out of one set of circumstances," see Motion at 3 ¶ 9, Brown ignores the fact that the State Attorney's Office's decision to arrest her was untainted by any alleged discriminatory motive on the part of any of the Defendants and ignores the Court's holding that "Brown's arrest constitutes a separate, legitimate reason for termination, independent of the internal investigation."  Summary Judgment Order at 30.

Brown next argues that an issue of fact exists because Defendant Davis admitted that he did not believe Brown committed any "wrongdoing" and that he had witnessed other officers engage in the same conduct that led to her arrest.  See Motion at 2 ¶¶ 5, 7. However, as the Court has already noted, Brown does not argue that the State Attorney's Office's decision to arrest Brown was influenced by any LCPD employee—thus, Davis's statement that Brown "was treated unfairly . . . compared to what other officers have done . . . and because of who investigated her internal[ly]" is of no moment with regard to Brown's arrest.  See Davis letter dated February 10, 2013 (Doc. 76-1; Davis Letter).  Brown also argues that because the Defendants knew that her arrest arose out of her decision to follow the unwritten LCPD policy, "the Defendants knew that the arrest and charge[] were not valid."  See Motion at 2 ¶ 6.  However, Brown has introduced no evidence to support her

contention that her arrest or the charge against her was invalid. Instead, she established only that the charge was dismissed after a mistrial. See Deposition of Shea Brown, dated June 23, 2013, at 79–80 (Doc. 68-11; Brown Dep.); see also Summary Judgment Order at 29. Although Brown was not convicted of a crime, "[t]hat a defendant is subsequently acquitted or charges dropped against the defendant is of no consequence in determining the validity of the arrest itself." Marx v. Gumbinner, 905 F.2d 1503, 1507 (11th Cir. 1990).[3] Notably, regardless of whether Davis or LCPD may not have believed Brown committed any wrongdoing, the undisputed facts reflect that the State Attorney thought differently. Indeed, the evidence reflects that despite being informed that after its own investigation the Florida Department of Law Enforcement found no basis to pursue charges against Brown, the State Attorney undertook his own investigation after which he decided to charge Brown with the felony offense of tampering with evidence. It is the fact that the State Attorney charged and arrested Brown that caused LCPD to terminate her employment.

Moreover, although Brown contends that she "was treated unfairly," she did not point to evidence of any LCPD employee who was not terminated after having been arrested. Brown also failed to contest Defendant Tunsil's testimony that the Human Resources Manager and City Manager told him that if Brown were arrested, LCPD would have to terminate her employment. See Tunsil Dep. at 53–54; see also Summary Judgment Order at 29. By arguing that other officers had disposed of drugs in the same manner without being punished or arrested, Brown focuses on the conduct underlying her arrest, and attempts to justify it by noting that she was merely following LCPD policy. However,

---

[3] Moreover, even if LCPD tacitly allowed officers to dispose of contraband in the same manner as Brown, the existence of such a policy does not foreclose the possibility that such conduct was, in fact, against the law.

6

focusing on the conduct underlying her arrest ignores, and fails to rebut, the reason given for her termination: that her arrest on the charge filed by the State Attorney, in and of itself, was grounds for termination. See Termination Letter; see also Tunsil Dep. at 53–54. Thus, Brown's invitation for the Court to "look[] one step beyond the fact that she was arrested to the litany of information of which Defendants were aware," Motion at 2 ¶ 6, entirely fails to rebut LCPD's proffered reason for terminating her employment—that is, the simple fact that she was arrested, regardless of the misconduct that gave rise to the arrest.

      Finally, Brown argues that the almost two-month delay between her arrest on July 7, 2009, and LCPD's termination of her employment on August 31, 2009, is evidence of pretext, because LCPD would have terminated her immediately upon her arrest if the arrest were a true reason for her termination. See Motion at 3 ¶ 8. This is a new argument that Brown did not present at the summary judgment stage, and Brown makes no attempt to explain why she was unable to advance that argument earlier; thus, the Court need not consider it. See O'Neal, 958 F.2d at 1047; Sanderlin, 243 F.3d at 1292. For this reason alone the Court could deny the request for relief. See Am. Home Assur. Co., 763 F.2d at 1239 ("There is a significant difference between pointing out errors in a court's decision . . . and raising altogether new arguments on a motion to amend; if accepted, the latter essentially affords a litigant two bites at the apple.") (quotation omitted). Nevertheless, Brown has not pointed to any evidence demonstrating that a two-month delay between an offense and LCPD's termination of an officer's employment was unusual. Nor has she pointed to any evidence that terminations of other officers who had been arrested were immediate. Merely raising the hypothetical question of why LCPD waited nearly two months to terminate her employment, without pointing to any evidence in the record, does

not give rise to a genuine dispute of fact or affect the Court's reasons for granting summary judgment to Defendants.

Ultimately, Brown makes no argument in the Motion to cast doubt on LCPD's reason for terminating her employment—that her arrest "brought discredit" to her and to LCPD. See Termination Letter.  Thus, having carefully considered the arguments raised in the Motion, the Court finds no reason to reconsider its Summary Judgment Order.  Accordingly, the Motion is due to be denied.  Thus, it is hereby

**ORDERED**:

Plaintiff's Motion for Reconsideration of Order Granting Summary Judgment (Doc. 93) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 29th day of April, 2016.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc20

Copies to:
Counsel of Record

8