UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHEA REBECCA BROWN,

    Plaintiff,

v.                                  CASE NO. 3:13-cv-915-J-34MCR

RUDOLPH DAVIS, individually, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendants City of Lake City and Carlton Tunsil's Renewed Motion to Tax Costs ("Motion") (Doc. 105) and the Renewed Bill of Costs ("Bill of Costs") (Doc. 106), which were referred to the undersigned for a report and recommendation. The Court directed Plaintiff to file a response to the Motion and the Bill of Costs no later than August 7, 2017. (*See* Doc. 108.) As no response has been filed to date, the Motion and the Bill of Costs will be deemed unopposed. For the reasons stated herein, the undersigned recommends that the Motion be **GRANTED** and the Bill of Costs be

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

**TAXED**.

I. **Background**

On July 30, 2013, Plaintiff commenced this race and gender discrimination action in this Court pursuant to 42 U.S.C. §§ 1981 and 1983. (Doc. 1.) On May 14, 2014, Plaintiff filed an Amended Complaint against Defendants Rudolph Davis, Carlton Tunsil, and the City of Lake City. (Doc. 51.) On November 24, 2015, Judge Howard granted Defendants' Motions for Summary Judgment. (Doc. 85.) The next day, pursuant to the Court's Order, the Clerk entered judgment in favor of Defendants Davis, Tunsil, and the City, and against Plaintiff Shea Rebecca Brown. (Doc. 86.)

On December 23, 2015, Plaintiff filed a Notice of Appeal as to the Judgment entered on November 25, 2015. (Doc. 94.) On April 11, 2017, the United States Court of Appeals for the Eleventh Circuit affirmed this Court's grant of summary judgment in favor of Defendants Davis, Tunsil, and the City. (Doc. 103.) The mandate issued on May 10, 2017. (Doc. 104.) On May 19, 2017, Defendants Tunsil and the City filed the instant Motion and Bill of Costs.[2] (Docs. 105, 106.) Although given adequate time to file a response, Plaintiff has failed to do so. (*See* Doc. 108.)

---

[2] Unlike Defendants Tunsil and the City, who are represented by Marks Gray, P.A., Defendant Davis is represented by Dennis, Jackson, Martin & Fontela, P.A. and has not joined in the Motion or the Bill of Costs.

**II.     Discussion**

Defendants Tunsil and the City bring this Motion, as prevailing parties, pursuant to 28 U.S.C. § 1920, Fed.R.Civ.P. 54(d), 42 U.S.C. § 1988, and Local Rule 4.18(a), to recover from Plaintiff the taxable costs Defendants incurred in the total amount of $2,508.79, which were reasonably necessary in litigating this matter, plus post-judgment interest in the amount of $41.49 on all costs taxed, accruing from November 25, 2015 (the date of the Judgment) through May 18, 2017 (the day before the instant Motion was filed) and continuing until the cost judgment is satisfied. (Doc. 105.) The total amount of costs includes: (1) court reporter fees for all transcripts necessarily obtained for use in the case in the amount of $2,276.68, and (2) fees for exemplification and copies of papers necessarily obtained for use in the case in the amount of $232.11. (Doc. 105 at 2; Doc. 106 at 1.)

In support of their Motion, Defendants Tunsil and the City submit the Affidavit of their counsel, Meagan Logan, and supporting documentation. (Doc. 105-1.) The Affidavit provides in relevant part:

> 4. Each of the depositions and transcripts listed in the Itemization of Costs was necessary for use in the case. Each deposition contained information that was utilized in the preparation of Defendants' Motion for Summary Judgment.
> 5. With respect to fees for exemplification and copies, Defendants provide the following information:
> a. Defendants filed 8 pleadings, motions, responses or notices with the Court with a total of 547 pages. Those documents were copied at a cost of $.25 per page for a total cost of $136.75.

      b.    In addition, Defendants obtained copies of medical records relating to the care and treatment of Plaintiff Shea Brown in order to adequately address her damages claims in this suit. Copies of these medical records accounted for $95.36.
      c.    The total cost of fees for exemplification and copies is $232.11.
      d.    Those documents, for which Defendants now seek reimbursement, were documents created or reproduced for the benefit of the Court or counsel. Because each of these documents was a pleading, motion or other paper required for adjudication of this case or a record necessary to refute Plaintiff's damages claim in this suit, all documents copied were reasonably necessary to the defense of this case.

(*Id.* at 2.)

The undersigned recommends that as prevailing parties, Defendants Tunsil and the City are entitled to recover their taxable costs, plus interest, against Plaintiff. *See* Fed.R.Civ.P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."); *Ga. Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988) ("We conclude that when a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment."). Both the court reporter fees for transcripts necessarily obtained for use in the case in the amount of $2,276.68, and the fees for exemplification and copies of papers necessarily obtained for use in the case in the amount of $232.11 are taxable as costs pursuant to 28 U.S.C. § 1920(2) and § 1920(4), respectively.

Defendants incurred a total of $2,276.68 for a copy of the criminal trial

transcript ($280.00), attendance of the court reporter at Plaintiff's deposition ($245.00), a copy of Plaintiff's deposition transcript ($995.00), a copy of Rudolph Davis's video deposition ($318.68), and a copy of the deposition transcripts of Carlton Tunsil and John Blanchard ($438.00).  Defendants have shown that these costs were necessarily obtained for use in the case, they are recoverable and properly supported by invoices.  *See McGuire v. United Parcel Serv., Inc.*, Case No. 8:15-cv-2792-T-24JSS, 2017 WL 3194746, *1-2 (M.D. Fla. July 27, 2017) (allowing taxation of costs of transcripts and related services in the amount of $4,389.91); *PODS Enters., LLC v. U-Haul Int'l, Inc.*, No. 8:12-cv-1479-T-27MAP, 2015 WL 5021668, *1 (M.D. Fla. Aug. 24, 2015) (allowing, *inter alia*, fees for the trial transcript, fees for deposition transcripts, and costs of videotaping depositions, including the videographer's fees, because the opposing party did not object to videotaping depositions at the appropriate time).

Further, as shown by the Itemization of Costs and supporting invoices, Defendants incurred a total of $232.11 for copies of eight pleadings, motions, responses or notices filed with the Court (547 pages x $.25 per page = $136.75), and for copies of medical records relating to the care and treatment of Plaintiff Shea Brown in order to adequately address her damages claims ($95.36). Defendants have shown that these costs were necessarily obtained for use in the case, they are recoverable and reasonable.  *See Reliable Salvage & Towing, Inc. v. Gunter*, No. 2:06-cv-534-FtM-34SPC, 2007 WL 4557140, *1 (M.D. Fla. Dec.

21, 2007) ("In order to tax costs pursuant to § 1920(4), the item must be either a copy of paper or an exemplification.  Furthermore, these items must have been necessarily obtained for use in the case. To establish necessity, the prevailing party need not show that the documents were introduced into evidence or submitted to the court.  Instead, the standard is 'whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue.'") (internal citations omitted); *Fla. Pawnbrokers & Secondhand Dealers Ass'n, Inc. v. City of Fort Lauderdale, Fla.*, 711 F. Supp. 1084, 1086 (S.D. Fla. 1989) (allowing, *inter alia*, copying costs in the amount of $79.20 for 456 pages copied at rates of 10¢ and 25¢ as reasonable under 28 U.S.C. § 1920(4)).

Based on the foregoing, the undersigned recommends that Defendants recover from Plaintiff their costs in the amount of $2,508.79, plus post-judgment interest in the amount of $41.49 (from November 25, 2015 through May 18, 2017), and continuing interest until the cost judgment is satisfied.  *See* 28 U.S.C. § 1961 (stating that interest on any money judgment in a civil case recovered in district court "shall be calculated from the date of the entry of the judgment"); *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994) (holding that interest accrues on the taxable costs from the date the court entered final judgment in favor of the prevailing party on the merits of the case); *McDaniel*, 855 F.2d at 799 (stating "the award of costs bears interest from the date of the original judgment").

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 105**) be **GRANTED**.

2. The Clerk of Court be **DIRECTED** to tax the Bill of Costs (**Doc. 106**) and enter a judgment in favor of Defendants, Carlton Tunsil and the City of Lake City, Florida, and against Plaintiff Shea Rebecca Brown, for costs in the amount of $2,508.79, plus post-judgment interest for the period November 25, 2015 through May 18, 2017 in the amount of $41.49, and continuing interest until the cost judgment is satisfied.

**DONE AND ENTERED** at Jacksonville, Florida, on October 23, 2017.

*[signature]*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record